UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation.** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>**109 Turkey Lane, Buxton, ME 04093** |
| **Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck** | Mortgage:<br>**February 27, 2009**<br>**Book 15579, Page 324**<br>**York County Registry of Deeds** |
| **Defendants** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation., by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. This Court also has jurisdiction over this action under the so-called "sue and be sued clause" (Federal Question Jurisdiction) 28 U.S.C. §§ 1345, 1442, 1452(c) and 1454. *See also, Lightfoot v. Cendant Mortgage Corp.*, 580 U.S. 82, 137 S.Ct. 553, 564 (2017) of the charter of Federal Home Loan Mortgage Corporation.

2. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation., in which Elizabeth Brackett, is the obligor and the total amount owed under the terms of the Note is One Hundred Thirty-Eight Thousand One Hundred Fifty-One and 05/100 ($138,151.05) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

4. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

5. This Court possesses Diversity jurisdiction. Additionally, this Honorable Court has jurisdiction over this action under the so-called "sue and be sued clause" (Federal Question Jurisdiction) 28 U.S.C. §§ 1345, 1442, 1452(c) and 1454. *See also, Lightfoot v. Cendant Mortgage Corp.*, 580 U.S. 82, 137 S.Ct. 553, 564 (2017).

6. Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3 is a private corporation founded by Congress, currently under conservatorship under the direction of the Federal Housing Agency with its main/principal place of business located at 8200 Jones Branch Drive, McLean, VA 22102.

7. The Defendant, Brian E. Brackett, is a resident of Buxton, County of York and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

8. The Defendant, Christine A. Stoddard, is a resident of Catskill, County of Greene and State of New York and has a potential interest in the property under the intestacy statutes of Maine.

9. The Defendant, Eileen M. Storck, is a resident of Bryant Pond, County of Oxford and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

## FACTS

10. On July 2, 1968, by virtue of a Warranty Deed from Elmer H. Holman, which is recorded in the York County Registry of Deeds in **Book 1809, Page 693**, the property situated at 109 Turkey Lane, City/Town of Buxton, County of York, and State of Maine, was conveyed to Claud A. Brackett and Elizabeth Brackett, as joint tenants, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On February 27, 2009, Elizabeth Brackett executed and delivered to Regency Mortgage Corporation a certain Note under seal in the amount of $139,000.00. *See* Exhibit B (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

12. To secure said Note, on February 27, 2009, Elizabeth Brackett, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, as Nominee for Regency Mortgage Corporation, securing the property located at 109 Turkey Lane, Buxton, ME 04093 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15579**, **Page 324**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. Upon information and belief, Claud Brackett died in 1994 and as his joint tenant, Elizabeth M. Brackett became the sole owner of the subject property.

14. Upon information and belief, Elizabeth M. Brackett died on September 23, 2019. *See* Exhibit

D (a true and correct copy of the Death certificate is attached hereto and incorporated herein).

15. No probate of the estate of Elizabeth M. Brackett was ever filed and since more than three years have passed since she became deceased no probate can be filed at this time.

16. Upon information and belief, since no probate was filed and Elizabeth M. Brackett died intestate, the three heirs of her estate (and therefore the only people with an interest in the subject property are the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck ("Defendants").

17. The Mortgage was then assigned to PHH Mortgage Corporation by virtue of an Assignment of Mortgage dated March 30, 2021, and recorded in the York County Registry of Deeds in **Book 18609**, **Page 68.** (Said assignment is arguably ineffective under *Greenleaf*) *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated December 7, 2023, and recorded in the York County Registry of Deeds in **Book 19370**, **Page 406.** (Said assignment is arguably ineffective under *Greenleaf*). *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated March 1, 2024, and recorded in the York County Registry of Deeds in **Book 19401, Page 428.** (Said assignment is arguably ineffective under *Greenleaf*) *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. The Mortgage was further assigned to Federal Home Loan Mortgage Corporation by virtue of a Quitclaim Assignment dated December 10, 2024, and recorded in the York County Registry of Deeds in **Book 19575**, **Page 26**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

21. On January 29, 2025, the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified mail tracking number (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

22. The Demand Letter informed the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. (Since none of the Defendants signed the Note, none of them have any personal liability under the Note.) *See* Exhibit I.

23. The Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, failed to cure the default prior to the expiration of the Demand Letter.

24. The Plaintiff, Federal Home Loan Mortgage Corporation., is the present holder of the Lost Note Affidavit pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Lost Note Affidavit in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

25. The Plaintiff, Federal Home Loan Mortgage Corporation., hereby certifies it is the lawful holder and owner of the Note and Mortgage.

26. The Plaintiff, Federal Home Loan Mortgage Corporation., hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

27. Since the only signatory to the Note and Mortgage is deceased, 14 M.R.S.A. § 6111 is not applicable to this matter.

28. The total debt owed under the Note and Mortgage as of July 28, 2025, is One Hundred Thirty-Eight Thousand One Hundred Fifty-One and 05/100 ($138,151.05) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $100,514.64 |
| Interest | $17,296.44 |
| Unpaid Late Charges | $176.05 |
| Escrow Advance | $17,230.39 |
| Suspense Balance | $-529.43 |
| Loan Level advance Balance | $3,354.33 |
| Interest on Advances | $108.63 |
| Grand Total | $138,151.05 |

29. Upon information and belief, the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

30. The Plaintiff, Federal Home Loan Mortgage Corporation, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 109 Turkey Lane, Buxton, County of York, and State of Maine. *See* Exhibit A.

32. The Plaintiff, Federal Home Loan Mortgage Corporation., is the holder of the Lost Note Affidavit referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Lost Note Affidavit in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A.

205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation., has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

33. The Plaintiff, Federal Home Loan Mortgage Corporation., hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

34. The Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, are presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2021, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note (However, since none of the Defendants executed the subject Note, none of them have any personal liability thereunder.).

35. The total debt owed under the Note and Mortgage as of July 28, 2025, is One Hundred Thirty-Eight Thousand One Hundred Fifty-One and 05/100 ($138,151.05) Dollars.

36. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

37. By virtue of the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate. This action does not seek any personal liability on the part of the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, but only seeks *in rem* judgment against the property.

38. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the property address, on January 29, 2025, by both first class and certified mail as evidenced by the Certified mail tracking number and the records of the U.S. Postal Service. *See* Exhibit I.

39. The Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, are not in the Military as evidenced by the attached Exhibit J.

40. Due to the Defendants' failure to maintain the property, it is in poor condition and continues to deteriorate.

41. If the Defendants have received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II –UNJUST ENRICHMENT

42. The Plaintiff Federal Home Loan Mortgage Corporation., repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. Regency Mortgage Corporation, predecessor-in-interest to Federal Home Loan Mortgage Corporation., loaned Elizabeth Brackett, $139,000.00. *See* Exhibit B.

44. Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck have failed to repay the loan obligation.

45. As a result, the Defendants Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, has been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation as successor-in-interest to Regency Mortgage Corporation by having received the aforesaid benefits of ownership and thought not personally liable for the debt, retaining possession of the property notwithstanding their failure to repay the monies advanced and lent.

46. The successor in interest (Plaintiff) to the original lender, has paid the real estate taxes and maintained insurance on the property.

47. As such, the Plaintiff, Federal Home Loan Mortgage Corporation., is entitled to relief.

48. If the Defendants have received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation., prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation., upon the expiration of the period of redemption;

d) Find that the Defendants are in breach of the Mortgage by failing to make payment due as of November 1, 2021, and all subsequent payments;

e) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Find that by virtue of the use of the property retained by the Defendants, have been unjustly enriched at the Plaintiff's expense;

g) Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation., to restitution;

h) Find that the Defendants have appreciated and retained the benefit of the Mortgage and the subject property;

i) Find that it would be inequitable for the Defendants, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

j) Find that the Plaintiff, Federal Home Loan Mortgage Corporation., is entitled to restitution for this benefit from the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck;

k) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

l) Find that while the Defendants, Brian E. Brackett, Christine A. Stoddard and Eileen M. Storck, have no personal liability under the Note in this matter, a judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as 109 Turkey Lane, Buxton, ME. 04093;

m) For such other and further relief as this Honorable Court deems just and equitable.

                                             Respectfully Submitted,
                                             Federal Home Loan Mortgage Corporation.,
                                             By its attorneys,

Dated: August 5, 2025

                                           <u>/s/Reneau J. Longoria, Esq.</u>
                                           Reneau J. Longoria, Esq. Bar No. 005746
                                           Attorney for Plaintiff
                                           Doonan, Graves & Longoria, LLC
                                           100 Cummings Center, Suite 303C
                                           Beverly, MA 01915
                                           (978) 921-2670
                                           RJL@dgandl.com