Loan No

## LOST NOTE AFFIDAVIT

STATE OF UTAH        )
                     ) ss:
COUNTY OF SALT LAKE  )

Sandi Widdowson
_____, being duly sworn, deposes and says that:

1.  He/she is a _____Document Control Officer_____ of Select Portfolio Servicing, Inc. (the "Company") and has personal knowledge of the facts set out in this Affidavit.

2.  Upon information and belief, On **02/27/2009**, **Elizabeth Brackett** (the "Borrower") executed a promissory note in favor of **Regency Mortgage Corporation.,** in the principal amount of **$139,000.00** (the "Note"), which Note is secured by a Mortgage in favor **Regency Mortgage Corporation.,** The real property and improvements located at **109 Turkey Lane, Buxton, Maine 04093** The Mortgage was Recorded: **03/10/2009**, Instrument No.: **2009009981** in **York** County. A true and correct copy of the original Mortgage, together with any assignments is attached as Exhibit A, due to a copy of the original note being unattainable.

3.  The Company services the Mortgage and Note as Select Portfolio Servicing, Inc.

4.  Though it has conducted a diligent search of the records and files maintained in connection with the Mortgage, the Company has been unable to locate the Note and believes that the Note has been lost, misfiled, misplaced, or destroyed.

5.  The records of the Company do not show that the Note was ever released, paid off, satisfied, assigned, transferred, pledged, hypothecated or that the Note was otherwise disposed of by the Company.

6.  The Company is aware that the successors in interest, assigns and/or transferees of the original holder of the Note (collectively, the "Owner") may rely upon the statements made in this Affidavit as to the Note having been lost, mislaid, misfiled or destroyed and never having been released, paid off, satisfied, assigned, transferred, pledged, hypothecated or otherwise disposed of by the Company.

7.  If the Company should ever locate the Note, the Company agrees to provide the Note to the owner of record of the Property at that time.

8.  The Company hereby agrees to indemnify and hold the Borrower harmless from and against any and all losses, damages, penalties, fines, forfeitures, reasonable and necessary legal fees and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based upon, or resulting from the Company's breach of any covenant, representation or warranty contained in this Affidavit.

EXHIBIT B

LOST NOTE AFFIDAVIT Page 2 of 2

END OF AFFIDAVIT
ONE SIGNATURE PAGE FOLLOWS

IN WITNESS WHEREOF, the undersigned has executed this instrument on **SEP 2 4 2024**, on behalf of the Company, Select Portfolio Servicing, Inc.

_Sandi Widdowson_
**Sandi Widdowson**
**Document Control Officer**

STATE OF UTAH
COUNTY OF SALT LAKE

On **SEP 2 4 2024**, before me, **Shanda Swilor**, a Notary Public in and for SALT LAKE in the State of UTAH, personally appeared **Sandi Widdowson**, Document Control Officer of Select Portfolio Servicing, Inc., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Notary Expires: // **FEB 0 7 2026**

SHANDA SWILOR
Notary Public State of Utah
My Commission Expires on:
February 07, 2026
Comm. Number: 722933

(This area for notarial seal)

Loan ID # !

# NOTE

February 27th, 2009  
[Date]

BUXTON, ME  
[City]      [State]

**COPY**

109 Turkey Lane, Buxton, Maine 04093  
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $139,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Regency Mortgage Corporation**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 4.500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on **April 1st, 2009**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **March 1st, 2039**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **175 Canal Street, Manchester, NH 03101** or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $704.30.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

MAINE FIXED RATE NOTE--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3220 1/01 (page 1 of 2 pages)  
MEICN1 - 11162000    www.MortgageBankingSystems.com

*EB*

Loan ID #

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Elizabeth Brackett_ (Seal)
Elizabeth Brackett                               -Borrower

_____(Seal)
                                                 -Borrower

PAY TO THE ORDER OF:

_____(Seal)
                                                 -Borrower

WITHOUT RECOURSE:
Regency Mortgage Corporation

_____(Seal)
                                                 -Borrower

BY:
ITS:

_____(Seal)
                                                 -Borrower

_____(Seal)
                                                 -Borrower

*[Sign Original Only]*

# ALLONGE

This Allonge is to be made a part of the Note.

Date: February 27, 2009

Borrower(s): Elizabeth Brackett

Property Address: 109 Turkey Lane

Buxton, ME 04093

Loan Amount: $139,000.00

Loan Number:

PAY TO THE ORDER OF

## GMAC BANK

WITHOUT RECOURSE

Lender: Regency Mortgage Corp

By: _DMMorrissette_

Name: Diane M. Morrissette

Title: Vice President